UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSUE ORTIZ-HEREDIA,

    Defendant.

_____/

Criminal Case No. 12-20845

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER GRANTING JOSUE ORTIZ-HEREDIA'S MOTION FOR COMPASSIONATE RELEASE [35]**

On February 22, 2012 Josue Ortiz-Heredia pleaded guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a) and 846. (ECF No. 28). On May 22, 2013, the Court sentenced Ortiz-Heredia to ten years imprisonment. (ECF No. 30, PageID.64). Ortiz-Heredia is currently forty years old, incarcerated at a private prison in Texas—CI Giles W. Dalby—and scheduled for release on May 7, 2021. *Find an Inmate*, FED. BUREAU PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp (BOP Register Number 50631-008) (last visited Jan. 11, 2020). Upon release, because Ortiz-Heredia, a non-citizen, is subject to a detainer by U.S. Immigration and Customs

Enforcement ("ICE") and a final order of removal, he will be removed to Mexico. (ECF No. 30, PageID.65; ECF No. 35-3, PageID.133; ECF No. 37, PageID.137).

On November 25, 2020, Ortiz-Heredia moved for appointment of counsel to help him prepare a request for compassionate release. (ECF No. 32). The Court granted his request, set a briefing schedule, and scheduled a hearing for February 11, 2021. (ECF No. 33). In accordance with the Court's briefing schedule, Ortiz-Heredia filed his Motion for Compassionate Release [35] on January 25, 2021, arguing that he should be spared the final three months of his ten-year sentence in light of his medical conditions and the risks posed by COVID-19. (ECF No. 35). And at a status conference on February 4, 2021, the Government notified the Court that, while it would not stipulate to Ortiz-Heredia's release, it would also not oppose his Motion [35]. Accordingly, the Court cancelled the February 11, 2021 hearing and agreed to decide Ortiz-Heredia's Motion [35] on the filings. The Government filed a short Response several hours after the status conference conceding that Ortiz-Heredia's medical conditions constitute extraordinary and compelling reasons for release and "defer[ing] to the Court's judgment on how best to weight the § 3553(a) factors." (ECF No. 37, PageID.138). Although the Government does not oppose Ortiz-Heredia's Motion [35], the Court must still proceed through the relevant analysis under 18 U.S.C. § 3582(c). Pursuant to that analysis, as articulated below, the Court will **GRANT** Ortiz-Heredia's Motion [35].

## ANALYSIS

Section 3582(c)(1) of Title 18 of the U.S. Code, colloquially known as the compassionate release statue, provides, in relevant part:

> **(A)** [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> **(i)** extraordinary and compelling reasons warrant such a reduction.
> [. . .]
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1).

A. Exhaustion

Before a petitioner moves for compassionate release under 18 U.S.C. § 3582(c)(1), they must either exhaust their administrative remedies with the BOP or wait thirty days from when they filed a request with their warden. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Ortiz-Heredia filed a request with his warden in early November, but was denied because of his immigration status, despite a finding by prison officials that he was at increased risk for severe illness from COVID-19. (ECF No. 35-2; ECF No. 35-4). The Court therefore finds that Ortiz-

Heredia has satisfied the exhaustion requirement of § 3582(c). Accordingly, the Court must now proceed through a three-step inquiry:

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." [*Dillon v. United States*, 560 U.S. 817, 827 (2010).]

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (first four alterations in original) (footnotes omitted).

### B. Extraordinary and Compelling Reasons for Release

"[D]istrict courts have full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109. Here, both parties, as well as officials at Giles W. Dalby, agree that Ortiz-Heredia suffers from type 2 diabetes, obesity, and hypertension, and is accordingly at increased risk for severe illness from COVID-19. (ECF No. 35, PageID.119; ECF No. 35-2; ECF No. 37). The Court agrees with the parties that Ortiz-Heredia's overlapping medical conditions constitute extraordinary and compelling reasons for release. *See Jones*, 980 F.3d 1098, at 1111 (explaining that where an "incarcerated person[] file[s] [a] motion[] for compassionate release, [the district] judge[] may skip step two of the §

3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13").

C. Section 3553(a) Factors

The last step a district court contemplating a motion for compassionate release must take is to consider the applicable sentencing factors listed in 18 U.S.C. § 3553(a). "'[A]s long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court[,]' a district judge need not 'specifically articulat[e]' its analysis of every single § 3553(a) factor." *Id.* at 1114 (quoting *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010)). With that in mind, the § 3553(a) factors are as follows:

> **(a) Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed—
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for—

> > ` **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> > [. . .]
> > **(5)** any pertinent policy statement—
> > [. . .]
> > **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> > **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Ortiz-Heredia has served more than 90% of his ten-year sentence for a non-violent charge. Indeed, were the Court to deny release, Ortiz-Heredia would be out of CI Giles W. Dalby within three months. There little, if any, utility of keeping Ortiz-Heredia in prison and at heightened risk of death or serious illness for those three months. The Court finds that the substantial period of incarceration Ortiz-Heredia has served more than adequately reflects the seriousness of his offense. The Court is also confident that this extended period of incarceration has provided more than adequate deterrence and punishment. Finally, because Ortiz-Heredia will be transferred to ICE custody and expeditiously removed to Mexico upon release, compassionate release will not put the public in danger of further criminal activity. Accordingly, the Court finds that the § 3553(a) factors weigh in favor of release and that it is appropriate to **GRANT** Ortiz-Heredia's Motion [35].

## Conclusion

**IT IS ORDERED** that Ortiz-Heredia's Motion for Compassionate Release [35] **GRANTED**.

**IT IS FURTHER ORDERED** that Ortiz-Heredia be **IMMEDIATELY RELEASED** and processed for removal in accordance with this Court's Judgment of May 29, 2013. (ECF No. 30, PageID.65) ("Defendant to be *immediately* deported following term of custody." (emphasis added)).

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: February 9, 2021 | Senior United States District Judge |